**Mauro ROSAS, Relator,**

v.

**Tom DIAMOND, Chairman of El Paso County Democratic Party, Respondent.**

**No. 08–86–00079–CV.**

Court of Appeals of Texas, El Paso.

April 4, 1986.

Eduardo N. Lerma, El Paso, for relator.

Philip E. Mullin, Sidney K. Gibson, El Paso, for respondent.

STEPHEN F. PRESSLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

PER CURIAM.

This Court granted leave for the Honorable Mauro Rosas to file a Petition for Writ of Mandamus. He seeks to have his name placed on the ballot in the Democratic Primary as a candidate for nomination for Judge of the 171st Judicial District Court. The writ is denied.

Mr. Rosas timely filed with the Democratic county chairman in El Paso County,

the Honorable Tom Diamond, a petition to have his name on the ballot in the Democratic Primary. According to his sworn petition filed in this proceeding, on February 26, 1986, he filed a written request to have his name withdrawn as a candidate for Judge of the 171st Judicial District Court.

The Petition raises two issues: (1) must the withdrawal request be acknowledged; and (2) was the acknowledgement defective. We answer the first issue in the negative and need not reach the second issue. Petitioner relies upon Section 145.-001 of the Election Code which is a general provision for withdrawal of candidates and which does require that a withdrawal request be in writing, signed and acknowledged. That section has no application. Section 172.052 provides for a withdrawal from a general primary. It requires that the withdrawal be on or before the 65th day before the general primary election and that the withdrawal request be filed with the authority with whom the with-drawing candidate's application for a place on the ballot is required to be filed. Section 172.022 requires that an application be filed with the county chairman or the secretary. There is no requirement in Section 172.052 that the withdrawal be acknowledged. Section 172.051 provides that with respect to withdrawal of a candidate in a primary election, that Subchapter C of Chapter 172 supersedes Subchapter A, of Chapter 145, upon which petitioner relies, to the extent of any conflict. Thus, the provisions of Section 172.051 make it clear that Petitioner's withdrawal is controlled by the provisions of Section 172.052 and not Section 145.001.

The Petition for Writ of Mandamus is denied.